# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

LAMARIO SEARS,

                Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPT. *et al.*,

                Defendants.

2:19-cv-01196-JAD-VCF

**ORDER**

APPLICATION FOR LEAVE TO PROCEED IN FORMA
PAUPERIS [ECF NO. 1] AND COMPLAINT [ECF NO.
1-1]

Before the Court is Plaintiff Lamario Sears' Application for Leave to Proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). Plaintiff did not submit a complete application. Therefore, the Court denies his application to proceed *in forma pauperis* without prejudice.

### IN FORMA PAUPERIS APPLICATION

Every potential plaintiff must pay a filing fee to commence a civil action in federal court. 28 U.S.C. § 1914(a). The Court may allow a plaintiff to proceed *in forma pauperis*, without prepayment of the filing fee, if the plaintiff can demonstrate an inability to pay or give security for the fee. 28 U.S.C. § 1915(a)(1). The presiding judge has discretion to determine whether the plaintiff is unable to pay or give security. *Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-cv-01110-APG-VCF, 2015 WL 5009787, at *1 (D. Nev. Aug. 21, 2015). The judge bases this determination on the information submitted by the plaintiff. *Id*.

Plaintiff Sears did not file the first page of his *in forma pauperis* application. (ECF No. 1). Plaintiff states he has no money in any bank account (ECF No. 1 at 2), but later reports a current account balance

1

of $49.58 in his prison account. (ECF No. 1 at 4). Because Plaintiff's *in forma pauperis* application is incomplete and inconsistent, the Court cannot grant it at this time.

**SECTION 1915(e) SCREENING**

Even if the Court grants an *in forma pauperis* application, it must screen the case. 28 U.S.C. § 1915(e). The Court must dismiss a case if the action is legally frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). Relief can be granted on a claim if it contains sufficient facts that, when accepted as true, make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the presiding judge accepts all material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039-42 (9th Cir. 1980).

The Court is not required to screen Plaintiff's complaint at this time because his *in forma pauperis* application has been denied. The Court gives Plaintiff guidance on potential issues in his complaint that he should consider addressing if he re-submits an *in forma pauperis* application in this case. *See generally Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) (discussing the court's duty to ensure *pro se* litigants do not lose their rights because of technical procedural requirements).

## I.    Background

Plaintiff Sears' Complaint arises from his arrest by the Las Vegas Metropolitan Police Department ("LVMPD") and subsequent detention. (ECF No. 1-1 at 3, 5). Plaintiff claims that on August 25, 2019, he and his family were subjected to unreasonable force in their home as officers executed an arrest warrant on Plaintiff. (*Id.* at 4). Plaintiff claims the arresting officers threatened him and his wife with guns, screamed obscenities, used a bullhorn, threatened to unleash police dogs on his wife, and held his daughter "at the end of our street while in her mother's car." (*Id.*). Plaintiff also alleges mistreatment by a judge during his court appearance on February 4, 2019, which the Court cannot read. (*Id.* at 5). Plaintiff claims that, while detained beginning on February 5, 2019, he was denied medical treatment, which he needed

after a "near-fatal car crash," in October. (*Id.* at 3). Plaintiff brings claims for violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and several federal statutes. (*Id.* at 4-9).

## II. Discussion

Although the Court accepts all facts as true and construes them in the light most favorable to the Plaintiff as far as it is able, the Court does not understand significant portions of Plaintiff's compliant due to illegibility. Specifically, the letters and words are spaced too narrowly and at times the words are written too lightly. Some portions that are legible are incomplete, such as the ending of the supporting facts under Count I. (ECF No. 1-1 at 4). Should Plaintiff re-submit his *in forma pauperis* application, Plaintiff must allege specific facts under each cause of action that make each claim plausible. Plaintiff must present the facts in a legible manner, specifically those regarding:

1. Names of defendants in the complaint. (ECF No. 1-1 at 1).
2. Supporting facts under Count II. (*Id.* at 5).
3. Supporting facts under Count III. (*Id.* at 6).

The Court also notes substantive issues with Plaintiff's complaint. First, Plaintiff cannot bring claims on behalf of another person, such as his wife and daughter. *E.g., Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself *pro se ...* is personal to the litigant and does not extend to other parties or entities.") Second, Plaintiff cites multiple statutes and constitutional amendments in each of his claims. (ECF No. 1-1). Plaintiff must clearly relate each amendment or statute to an alleged fact, stating clearly which facts relate to which law, and why they relate. Last, Plaintiff cites 18 U.S.C.S. § 2340(A), which is a criminal statute. (ECF No. 1-1 at 2-3). Plaintiff cannot bring criminal claims in a civil action.

The Court gives Plaintiff leave to amend his application to proceed *in forma pauperis*, as discussed above. Should Plaintiff re-submit his application, he should also consider submitting an amended complaint.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff shall have until August 14th, 2019 to amend his application and file it with the Clerk of Court.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 15th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE