**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAMARIO SEARS,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPT. *et al.*,<br><br>        Defendants. | 2:19-cv-01196-JAD-VCF<br>**ORDER**<br>SECOND APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF NO. 4] AND AMENDED COMPLAINT [ECF NO. 5] |

Before the Court is Plaintiff Lamario Sears' renewed Application for Leave to Proceed *in forma pauperis* (ECF No. 4) and First Amended Complaint (ECF No. 5). On July 9, 2019, Plaintiff Lamario Sears filed an application to proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). The Court denied Plaintiff's application because the first page was missing. (ECF No. 3). The Court also gave Plaintiff guidance on potential issues in his complaint. (*Id.* at 3). Plaintiff's renewed application is complete, and he demonstrates an inability to pay the filing fee. However, Plaintiff fails to state a claim upon which relief can be granted. Therefore, the Court grant his application to proceed *in forma pauperis,* but orders that his complaint be dismissed without prejudice.

**IN FORMA PAUPERIS APPLICATION**

Every potential plaintiff must pay a filing fee to commence a civil action in federal court. 28 U.S.C. § 1914(a). The Court may allow a plaintiff to proceed *in forma pauperis*, without prepayment of the filing fee, if the plaintiff can demonstrate an inability to pay or give security for the fee. 28 U.S.C. § 1915(a)(1). The presiding judge has discretion to determine whether the plaintiff is unable to pay or give security. *Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-cv-01110-APG-VCF, 2015 U.S. Dist.

1

LEXIS 114991 (D. Nev. Aug. 21, 2015). The judge bases this determination on the information submitted by the plaintiff. *Id*.

Plaintiff states he has been unemployed since October 25, 2018, when he suffered "a near fatal car crash." (ECF No. 4 at 1). Before the accident Plaintiff had a monthly income of $1,200 to $1,300. (*Id*.). Plaintiff is incarcerated and reports receiving $20 to $50 per month from his wife. (*Id*. at 2). Plaintiff reports owning $12.69 in his inmate account at the Clark County Detention Center ("C.C.D.C."). (*Id*.). Plaintiff claims his wife and stepdaughter depend on him for support. (*Id*.). Plaintiff claims no other expenses, but discusses medical treatment resulting from his car accident—including the need for future treatment—in his complaint. (ECF No. 5 at 3, 6). Because of his incarceration and medical status, the Court finds Plaintiff has demonstrated an inability to pay or give security for the filing fee and grants his application to proceed *in forma pauperis*.

## SECTION 1915(e) SCREENING

Even if the Court grants an *in forma pauperis* application, it must screen the case. 28 U.S.C. § 1915(e). The Court must dismiss a case if the action is legally frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). Relief can be granted on a claim if it contains sufficient facts that, when accepted as true, make the claim plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the presiding judge accepts all material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039-42 (9th Cir. 1980).

### I.     Background

Plaintiff Sears' Complaint arises from his arrest by the Las Vegas Metropolitan Police Department ("LVMPD") and subsequent detention. (ECF No. 5 at 3, 5). Plaintiff brings three claims against the LVMPD, C.C.D.C., Naph Care, two employees of Naph Care referred to as Melody M. and Dr. Wade, and Judge William Kephart of the Eighth Judicial District for Clark Country, Nevada. (*Id.* at 2, 4-6).

In his first claim, Plaintiff alleges the LVMPD violated his Fourth, Eighth, and Fourteenth amendment rights. (ECF No. 5 at 4). Plaintiff claims that on August 25, 2019, the LVMPD subjected him to unreasonable force in his home while executing an arrest warrant against him. (*Id.*). Plaintiff claims the arresting officers threatened him with guns and screamed obscenities at him. (*Id.*). Plaintiff claims officers searched his home with K-9s subsequent to his arrest. (*Id.*). Plaintiff claims he felt afraid that officers would hurt his family. (*Id.*). Plaintiff claims the officers neither read him his rights nor showed him a search warrant. (*Id.*). Plaintiff claims officers took pictures of him with their cell phones before taking him to C.C.D.C. (*Id.*). Plaintiff claims he was charged with two counts of battery and released on house arrest on August 28, 2018. (*Id.*). He then returned to work. (*Id.*).

In his second claim, Plaintiff alleges Judge William Kephart violated his Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff also claims Judge Kephart violated 42 U.S.C. § 12131, the Americans with Disabilities Act (ADA), and 29 U.S.C. § 794, the Rehabilitation Act (RA). (ECF No. 4 at 5). Plaintiff claims that on February 4, 2019, he responded to a bench warrant issued during his house arrest. (*Id.*). Plaintiff alleges that Judge Kephart erroneously disregarded relevant medical records when finding that Plaintiff violated his house arrest. (*Id.*). Plaintiff claims he has medical records demonstrating his need for surgery and physical therapy to avoid disfigurement, and that C.C.D.C. is ill-equipped to meet these needs. (*Id.*). Plaintiff claims that as of July 18, 2019 he has undergone neither surgery nor physical therapy. (*Id.*). Plaintiff claims he must use a wheelchair. (*Id.*).

In his third claim, Plaintiff alleges staff at C.C.D.C. and Naph Care violated his Eight and Fourteenth Amendment rights, as well as the ADA and RA. (ECF No. 5 at 6). Plaintiff claims he informed Naph Care employees Melody M. and Dr. Wade of his various medical needs, including pain medication, assistance with using the restroom, and assistance bathing. (*Id.*). Plaintiff claims Naph Care failed to give him pain medication for hours, causing him to pass out from the pain. (*Id.*). Plaintiff alleges he has a prescription for pain medication. (*Id.*). Plaintiff claims Naph Care instead gave him Tylenol, which did not assuage his pain. (*Id.*). Plaintiff claims Naph Care failed to provide him with a foot brace. (*Id.*).

Plaintiff alleges Naph Care failed to provide him with enough physical therapy, having received only two appointments in five months. (*Id.*). As a result, Plaintiff developed arthritis in his ankle. (*Id.*). Plaintiff claims correction officers taunted him, questioned the validity of his injuries, and withheld food. (*Id.*). Plaintiff also claims officers gave him baby wipes to bath himself with, and a urinal to drink from. (*Id.*). Plaintiff claims he was not given assistance with bathing. (*Id.*).

## II. Discussion

Plaintiff invokes jurisdiction under 18 U.S.C. § 2340(A), which is a criminal statute. (ECF No. 5 at 3). Plaintiff cannot bring criminal claims in a civil action, so the Court will not consider 18 U.S.C. § 2340(A) while screening Plaintiff's complaint. The Fourteenth Amendment to the United States Constitution guarantees that Plaintiff may not be deprived of life, liberty, or property without the due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Plaintiff may bring constitutional claims against state actors by way of the Fourteenth Amendment. *See also* 42 U.S.C. § 1983.

### A. Count I

In his first count, Plaintiff alleges the LVMPD violated his Fourth, Eighth, and Fourteenth Amendment Rights. (ECF No. 5 at 4). Plaintiff cannot hold the entire LVMPD liable solely on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Plaintiff may bring a constitutional claim against individual officers acting under color of law. *Monell,* 436 U.S. at 692. Plaintiff may also bring constitutional claims against the LVMPD if he can allege facts showing that his harm was the result of an official municipal policy of the LVMPD. *Id.* The Court gives Plaintiff leave to amend his complaint against the LVMPD for violations of his Civil Rights. Plaintiff must allege specific facts under each cause of action that make each claim plausible.

The Court notes additional substantive issues with Count I. The Eighth Amendment to the United States Constitution protects against cruel and unusual punishment. With respect to Plaintiff's Eighth Amendment claim against the LVMPD, "the use of excessive force in the course of making an arrest or an investigatory stop or other such seizure of a person is properly analyzed under the Fourth Amendment."

*Sokolowski*, 2012 U.S. Dist. LEXIS 86661, at *3-4. The Court finds that Plaintiff's Eighth Amendment claim against the LVMPD is better asserted under the Fourth Amendment.

The Fourth Amendment to the Constitution protects against unreasonable searches and seizures, as well as excessive use of force during arrest. *See Todie v. Sokolowski*, 2012 U.S. Dist. LEXIS 86661, at *3-4 (D. Nev. June 22, 2012). Plaintiff alleges the LVMPD searched his home without a search warrant. (ECF No. 5 at 4). Although officers are permitted to conduct a limited search without a search warrant incident to the arrest of a suspect, this search is limited in scope. *Chimel v. California*, 395 U.S. 752, 763 (1969). Further, Plaintiff alleges that officers screamed obscenities at him and caused him to fear for the safety of his family. (ECF No. 5 at 4). The Court finds that Plaintiff would have alleged facts sufficient for a Fourth Amendment claim against individual officers. Since the Fourth amendment complaint does not name those individual officers as Defendants, Count I fails to state a claim and must be dismissed without prejudice.

### B. Count II

In his second count, Plaintiff alleges that Judge Kephart violated his Fifth, Eighth, and Fourteenth Amendment rights, as well as the Americans with Disabilities Act and the Rehabilitation Act. (ECF No. 5 at 5). "A state court judge is absolutely immune from damages actions under 42 U.S.C. § 1983 for acts committed within the course of his official duties." *McManama v. Jones*, 258 F. App'x 941, 941 (9th Cir. 2007); *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.") (quoting *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967)). The Court finds that Plaintiff has failed to state a claim upon which relief can be granted against Judge Kephart, and amendment would likely be futile.

### C. Count III

In his third count, Plaintiff claims employees of Naph Care and officers at the Clark County Detention Center violated his Eighth Amendment rights as well as the Americans with Disabilities Act

and the Rehabilitation Act. (ECF No. 5 at 6). Plaintiff names C.C.D.C., Naph Care, and two employees of Naph Care as Defendants.

The Clark County Detention Center is a building, not an entity capable of being sued. The Court assumes for screening purposes that Plaintiff intends to bring his claims against the LVMPD, which operates the C.C.D.C. and its officers. *See e.g., Cabrera v. Clark Cty. Det. Ctr.*, No. 2:12-cv-00918-MMD-CWH, 2012 U.S. Dist. LEXIS 100112, at *4 (D. Nev. July 19, 2012). As discussed above, Plaintiff cannot hold the LVMPD liable for the actions of its officers or employees solely because it employs those individuals. *Monell,* 436 U.S. at 691. The same is true for Naph Care. *See id*. The Court gives Plaintiff leave to amend his complaint to either name individual correction officers as Defendants, or allege facts demonstrating that his harm was the result of an official municipal policy of the LVMPD or Naph Care. *See id*.

Plaintiff does name two employees of Naph Care as Defendants: Melody M. and Dr. Wade. (ECF No. 5 at 1, 6). Plaintiff alleges that Dr. Wade and Melody M. were made aware of his medical needs, such as his need for physical therapy and a foot brace. (*Id.* at 6). Despite this awareness, Plaintiff claims he missed doctor appointments and physical therapy appointments. (*Id.*). Plaintiff claims that, as a result, he developed arthritis which causes him severe pain. (*Id.* at 6).

Under the Eighth Amendment, "Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement." *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985). To state a claim under the Eighth Amendment, Plaintiff must allege that 1) he had a serious medical need and 2) Defendants acted with deliberate indifference to this need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Turner,* 2017 U.S. Dist. LEXIS 117529, at *2. Mere negligence is not enough. *Id*. Plaintiff alleges that Melody M. and Dr. Wade "were made aware," of his medical needs, but does not claim they deliberately disregarded his need for medical attention. (ECF No. 5 at 6). To make a claim under the Eighth Amendment, Plaintiff must allege that Defendants acted with deliberate indifference, not just negligence, towards his serious medical need.

6

Under *Armstrong v. Wilson*, "a prison inmate may state a claim under both the RA and the ADA that he was improperly excluded from participation in, and denied the benefits of a prison service, program, or activity on the basis of his physical handicap." 124 F.3d 1019, 1023 (9th Cir. 1997). While Plaintiff alleges he received inadequate medical care, he does not allege that Melody M. nor Dr. Wade denied him this case because of his physical handicap. To make a claim under 42 U.S.C. § 12131 or 29 U.S.C. § 794 Sec. 5, Plaintiff must allege that Melody M. or Dr. Wade denied him medical services because of his physical handicap. Count III must be dismissed without prejudice. The Court gives Plaintiff leave to amend his complaint. Plaintiff must allege specific facts under each cause of action that make each claim plausible.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's first Amended Complaint (ECF No. 5) is DISSMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until August 30, 2019 to file a Second Amended Complaint. Failure to timely file a Second Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice of the complaint.

IT IS FURTHER ORDERED that if a Second Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Second Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 30th day of July, 2019.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE